UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE PINHEIRO,

                Plaintiff,

-v.-

INTERIOR MOGUL LLC and LEONARDO DE ALMEIDA.,

                Defendants.

22 Civ. 09856 (JHR) (RWL)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

JENNIFER H. REARDEN, District Judge:

      Plaintiff Felipe Pinheiro brings this action against Defendants Interior Mogul LLC and Leonardo de Almeida to recover unpaid wages and statutory penalties pursuant to the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). ECF No. 1 (Compl.). Before the Court is the Report and Recommendation of Magistrate Judge Robert W. Lehrburger recommending that the Court "award[] Plaintiff judgment against Defendants, jointly and severally, for the following monetary relief: (1) Unpaid wages in an amount of $37,710; (2) Liquidated damages on unpaid wages in an amount of $37,710; (3) Pre-judgment interest on unpaid wages of $37,710 at the rate of nine percent, starting from January 13, 2021; (4) Attorneys' fees in an amount of $2,227.50; (5) Costs in an amount of $942.00; [and] (6) Post-Judgment interest at the federal rate." ECF No. 38 (R&R) at 26. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Lehrburger's recommendation.

## BACKGROUND[1]

On November 18, 2022, Plaintiff filed the Complaint in this action. Plaintiff served Defendants on January 12, 2023. ECF Nos. 6-7. Neither Defendant answered or otherwise appeared. On October 27, 2023, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) by submitting a motion for default judgment by November 3, 2023. ECF No. 14. Plaintiff then requested a Certificate of Default as to each Defendant, which the Clerk of Court entered on November 1, 2023. ECF Nos. 19, 20. On November 3, 2024, Plaintiff moved for a default judgment, supported by a memorandum of law and a declaration. ECF Nos. 22-23. On January 8, 2024, the Court granted Defendant's motion. ECF No. 30. The Court then referred the case to Judge Lehrburger for an inquest. ECF No. 31.

On August 28, 2024, Judge Lehrburger issued a 27-page Report and Recommendation recommending that the Court "award[] Plaintiff judgment against Defendants, jointly and severally, for the following monetary relief: (1) Unpaid wages in an amount of $37,710; (2) Liquidated damages on unpaid wages in an amount of $37,710; (3) Pre-judgment interest on unpaid wages of $37,710 at the rate of nine percent, starting from January 13, 2021; (4) Attorneys' fees in an amount of $2,227.50; (5) Costs in an amount of $942.00; [and] (6) Post-Judgment interest at the federal rate." *See* R&R at 26. The Report and Recommendation notified the parties that they had "fourteen (14) days to file written objections to th[e] Report and Recommendation." *Id*. at 27. The Report and Recommendation also cautioned that "**Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review**." *Id*. (emphasis in original). Plaintiff served the Report and Recommendation

---

[1] The Court incorporates by reference the factual summary provided in the Report and Recommendation. *See* R&R at 2-3.

on all Defendants on August 30, 2024.  ECF No. 39.  No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of those objections and . . . preclude appellate review," R&R at 27, Defendants did not file any objections to the Report and Recommendation.  Thus, Defendants waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."

3

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiff is awarded judgment against Defendants, jointly and severally, for the following monetary relief:

1. Unpaid wages in an amount of $37,710;

2. Liquidated damages on unpaid wages in an amount of $37,710;

3. Pre-judgment interest on unpaid wages of $37,710 at the rate of nine percent, starting from January 13, 2021;

4. Attorneys' fees in an amount of $2,227.50;

5. Costs in an amount of $942.00; and

6. Post-judgment interest pursuant to 28 U.S.C. § 1961(a) on the full amount of the judgment.

By **November 7, 2025**, Plaintiff shall serve this Order upon each Defendant and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: October 31, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4